Mendenhall *v.* Klinck.

---

## MENDENHALL *vs.* KLINCK.

On the 31st October, 1863, the defendant, being the owner of lands in the state of Virginia, supposed to contain petroleum oil, executed and delivered to T. and T. a paper by which he agreed that they might explore, bore or in any manner test about 458 acres of land, for oil; agreeing also, that "in case they find oil, or are satisfied there is any there," at any time between the date of the paper and the 1st of July, 1864, he would grant a lease for one fourth of the net profits of all oil taken therefrom, or for one fourth of the stock if any company should be formed. T. and T. were to commence the boring as soon as they could, "and they shall bore at least 380 feet on said premises, in addition to the boring already done thereon, unless they find oil nearer the surface."

*Held,* that the discovery of oil in sufficient quantities to warrant undertaking the business was a condition precedent to the execution of the lease by the defendant.

That the clause in the agreement seeming to make the giving of the lease dependant only upon the fact that the explorers were to be satisfied, was not in any sense a condition subsequent, but was designed as a protection to the defendant; and was to be performed before he parted with his land.

And that neither the plaintiff, nor T. and T. his assignors, having performed that condition, they were not entitled to a specific performance.

APPEAL from a judgment entered on a trial at the circuit before Justice Foster without a jury, in an action for the specific performance of a contract. The justice found the

Mendenhall *v.* Klinck.

following facts: That the defendant is owner in fee of the four hundred and fifty-eight acres of land described in the complaint in this action, situated near Petroleum, in the county of Ritchie, in the state of West Virginia, in the oil district of West Virginia. That on the 31st day of October, 1863, the defendant, entered into an agreement in writing with Eli Thayer and Paul P. Todd, at the city of New York, in the words and figures following, viz :

" In consideration of one dollar to me paid by Eli Thayer, of the city, county, and state of New York, and P. P. Todd, of the city of Boston, I hereby agree for myself, and my representatives, that they, the said Thayer and Todd and their agents, may explore, bore, or in any way and manner test and examine about four hundred and fifty-eight acres of land belonging to me, situated in Ritchie county, near Petroleum, Virginia, for oil, at any and all times, between this and July 1st, 1864, and in case they find oil or are satisfied there is any there, and elect to take the same before the said July 1st, 1864, then I hereby agree for myself and my representatives to convey to them or whomsoever they may direct upon condition they allow me one fourth part of the net profits of all oils taken from said lands, or put the same into a company, and give me one fourth part of the stock in said company, and in case they elect to take the same, I agree for myself and representatives, by proper conveyances, free of all incumbrance not only to convey the oil rights, and all oil in said premises, but the right to enter upon the same at all times to take out oil and to use said premises, and all such materials thereon, and coal, &c. as may be found thereon necessary for carrying on the manufacture, getting out and carrying on the oil business ; and it is further provided, that the said Thayer and Todd are to commence boring upon said premises as soon as they conveniently can, and that they shall bore at least 380 feet on such premises in addition to the

boring already done thereon, unless they find oil nearer the surface.

Witness my hand and seal this October 31, 1863.

(Signed,) SETH H. KLINCK, [L. S.]

Witness, B. FRANKLIN CLARKE,

W. H. TEFFT."

That at the time this contract was entered into by the defendant, he had commenced and bored a well of 130 feet deep on said lands, but no work had been done there since the spring of 1861. That on the 18th day of February, 1864, Paul P. Todd sold and assigned to the said Eli Thayer the said agreement, and all the rights of property, and interests thereby granted and agreed to be conveyed, and that on the 31st day of March, 1864, the said Eli Thayer sold and assigned the same to Stephen Hills, Jr. and Silas Godard, and on the 6th day of June, 1864, the said Hills and Godard sold and assigned the same to the plaintiff, and the same are now vested in him. That in March, 1864, before the purchase by Hills and Godard, the defendant, at their request, went with Mr. Godard to the lands in Virginia, and pointed out the same to him ; the well commenced thereon, and the other indications of oil on the lands ; that they remained there two days exploring and examining the lands ; that oil was found in the abandoned well before spoken of, and also the indications of oil in other parts of the land, and Mr. Godard ascertained the same to be valuable oil lands, and took from said well some of the oil, and brought it with him to New York as a sample oil produced from said land. That said lands are wild and uncultivated land and comparatively of very little value, except for the oil believed to be in said lands. That the plaintiff also, in the spring of 1864, visited these lands and examined the same, and found oil there as well as other indications of oil, and also became satisfied that the lands contained oil. That the plaintiff elected to take the same

under the agreement before the 1st day of July, 1864, and gave written notice of his election, so to take to the defendant personally at Lyons, the place of his residence ; on the 17th day of June, 1864, and there requested the defendant to make a conveyance or lease to him under and in pursuance of the agreement, which he refused to do. That duplicate leases were also on the 17th day of June, and again on the 29th day of July, 1864, duly executed and acknowledged by the plaintiff, presented and tendered to the defendant, and the defendant requested to execute the same, and exchange the same with the plaintiff which he refused to do. And that the defendant refused to execute any conveyance or lease whatever, under said agreement, to the plaintiff. That it has not been safe for northern men to go to said lands to remain there, since the spring of 1861, until the past year, in consequence of the rebel raids and guerillas there, and in that neighborhood. That the plaintiff and those acting with him, entered upon said lands under the agreement on the 15th day of June, 1864, and immediately commenced preparations and work thereon, and have been since then and are now prosecuting their work there and sinking two wells ; one the abandoned well sunk by them 315 feet, and a new well over 400 feet, and have already expended there the sum of over $10,000, in developing the said lands to make them productive.

The justice found as conclusions of law. 1st. That the said Thayer and Todd, and their assigns, whenever at any time before the 1st of July, 1864, they found oil in the defendants' said lands by boring, or in any way and manner testing and examining the same, or were satisfied there was any there, and elected to take the same, were entitled to a conveyance under the agreement. 2d. That the plaintiff is entitled to a specific performance of the agreement by the defendant. 3d. That the defendant must perform the agreement by executing, together with his wife, a conveyance or lease to the plaintiff, his heirs and assigns in pursuance of

the agreement. In which the plaintiff must join, and which must contain the covenants provided for in the agreement, viz : Allow the defendant one quarter the net profits of all oils taken from said lands, or put the same into a company, and give him one quarter of the stock in said company, and to continue the boring on said lands to at least 380 feet in addition to the boring done on the lands at the time of making the contract in question, unless it is found nearer the surface.

The defendant excepted to these findings, and appealed from the judgment.

*T. R. Strong,* for the appellant.

*L. J. Lansing,* for the respondent.

*By the Court,* GEORGE G. BARNARD, P. J. The determination of this case depends upon the construction to be given to a written agreement. The defendant owned lands in the state of Virginia, which contained coal, and was supposed to contain petroleum oil. On the 31st of October, 1863, the defendant executed the writing in question, and delivered the same to Eli Thayer and Peter P. Todd. By this paper the defendant agreed that they might explore, bore, or in any manner test about four hundred and fifty eight acres of land described in the pleadings, for oil, and agreeing also, " in case they find oil or are satisfied there is any there," at any time between the date of the paper and the 1st of July, 1864, he would grant a lease for one fourth of the net profits of all oil taken therefrom, or for one fourth of the stock, if any company should be formed. The agreement provided, further, that the boring should be commenced by them as soon as they conveniently could, "and they shall bore at least three hundred and eighty feet on said premises, in addition to the boring already done thereon, unless they find oil nearer the surface."

The contract was evidently made with reference to a discovery of oil sufficient to warrant the establishment of a paying oil business. The defendant's compensation for his lands was to be derived from no other source. The discovery of oil in sufficient quantities to warrant undertaking the business was a condition precedent to the execution of the lease by the defendant. Although the agreement seems to make the giving of the lease dependent only upon the fact that the explorers were to be satisfied, yet effect must be given to the agreement that the testing of the lands is to be forthwith commenced, and to be continued to a specified depth, unless the required amount of oil is found nearer the surface. This agreement is in no sense a condition subsequent. As I read the contract, it was designed as a protection to the defendant, and was to be performed before he parted with his land. Neither the plaintiff, nor his assignors have performed this condition, and they are not therefore entitled to a specific performance of the agreement.

The judgment should be reversed, and a new trial granted; costs to abide the event. ·

[NEW YORK GENERAL TERM, January 6, 1868. *George G. Barnard, Ingraham* and *Sutherland,* Justices.]